**Ralph EGGLESTON**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare.**

**Civ. A. No. 70–587.**

United States District Court,
E. D. Pennsylvania.

Oct. 5, 1972.

Ralph Eggleston, pro se.

Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

MASTERSON, District Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. On January 11, 1972, upon plaintiff's motion, we remanded the case to the Social Security Administration so that additional evidence could be taken. On August 23, 1972, the Appeals Council decided that plaintiff is not entitled to disability insurance benefits under the Social Security Act. This action, affirming the hearing examiner's decision, became the final decision of the Secretary which is reviewable to the same extent as the original findings of fact and decision. 42 U.S.C. § 405(g).

The Appeals Council found that Mr. Eggleston is currently suffering from pulmonary tuberculosis moderately advanced, quiescent, with emphysema and that his tuberculosis condition has persisted for at least twenty-six (26) years. (N.T. 126). Mr. Eggleston's treating physician describes him as being totally disabled. (N.T. 126), and the Veteran's Administration has determined that Mr. Eggleston has no work tolerance. (N.T. 12).

Despite this acknowledged "severe pulmonary impairment" (N.T. 127), the Appeals Council found that the Social Security Regulations compelled the conclusion that Mr. Eggleston is not entitled to benefits because he engaged in "substantial gainful activity" from May 1967 to February 1968. During that period, he worked as a meat and vegetable

cook in the Cooper Hospital. However, in February, 1968, Mr. Eggleston was told that he could not continue as a food handler because an x-ray examination revealed his tuberculosis condition (N.T. 126). He has been unemployed since then (N.T. 11).

The Appeals Council concluded that Social Security Administration Regulations No. 4, Section 404.1534(b), 20 CFR 404.1534(b), disqualified Mr. Eggleston:

"(b) EARNINGS AT A MONTHLY RATE IN EXCESS OF $140.

An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity under the criteria in §§ 404.1532 and 404.1533 and paragraph (a) of this section."

We disagree.

The record is clear and uncontradicted that Mr. Eggleston had worked all his life as a cook in restaurants and clubs, and that he specialized in preparing and cooking meats and vegetables (Exhibit #7, N.T. 66). There is nothing in this record to indicate that he is skilled to qualify for any other type of job. When it was discovered that he had active tu-berculosis, his food handler's card, which is required for such employment, was confiscated. (N.T. 29). If anything, this brief episode, in which Mr. Eggleston made an ill-advised attempt to work despite his poor health, demonstrated his inability to engage in substantial gainful employment. Indeed, the Appeals Council ignored the regulations to which they are directed by 20 CFR § 404.1534 in reaching the opposite conclusion:

"(d) ADEQUACY OF PERFORMANCE. The adequacy of an individual's performance of assigned work is also evidence as to whether or not he has ability to engage in substantial gainful' activity. The satisfactory performance of assignments may demonstrate ability to engage in substantial gainful activity, *while an individual's failure because of his impairment, to perform ordinary or simple tasks satisfactorily . . . may constitute evidence of an inability to engage in substantial gainful activity.*" 20 CFR § 404.1532(d). (Emphasis added).

We have carefully considered this entire record and find no basis for denying plaintiff disability benefits under the Social Security Act. Accordingly, the Secretary's decision will be reversed and the cause will be remanded with directions to the Secretary to provide plaintiff with the benefits to which he is entitled under section 223 of the Social Security Act, 42 U.S.C. § 423.